■ ROBERT M. DANN et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 50480.) — Judgment unanimously modified on the law and facts to grant a new trial as to damages to the " main unit ", and as so modified affirmed, without costs. Memorandum : Claimants' property consisted of two parcels, one referred to as the " main unit " and one referred to as the " Platt Property ". This appeal is limited to the award for the partial taking of the " main unit ", which consisted of 293 acres on which claimants operated a dairy farm and dairy products business. The building improvements included a milk processing plant and dairy store, several barns, a number of garages and 15 houses in which claimants and some of their employees lived. ¶ For the reconstruction and relocation of U. S. Route 15 and New York Route 17, the State appropriated 20.3 acres of this property, on which four houses and seven garages used for employees were located. The appropriation separated the dairy store and processing plant from the remainder of the property and claimants were unable to continue the operation of the dairy business. ¶ It is well settled that just compensation for a partial taking is the difference between the fair market value of the whole before the taking and the fair market value of the remainder after the taking. (*Acme Theatres* v. *State of New York*, 26 N Y 2d 385; *Diocese of Buffalo* v. *State of New York*, 24 N Y 2d 320.) ¶ Claimants' appraiser testified that the highest and best use of the property prior to the taking was for a commercial dairy factory, and that after the taking the property

was not suitable for dairy use and its highest and best use was for commercial and residential development. He valued the land before and after the taking by using sales of nearby commercial and residental property. He also used the market data approach for the houses on the property. He found all the other structures to be unique and used the cost approach in valuing them. ¶ The State's appraiser testified that the highest and best use was not for a commercial dairy factory but for commercial and residential development. He employed the market data approach for the houses used for employees, as they were consistent with a residential highest and best use. He did not place any value on the dairy store and processing plant or the barns because he found them inconsistent with a highest and best use of commercial development. ¶ The trial court found that the highest and best use of the property was as a dairy farm and dairy products processing plant, that the dairy plant enhanced the value of the property as a whole, and that partial taking destroyed claimants' business. Having made such findings, which are amply supported by the record, the trial court erroneously valued the land based on sales of commercial and residential property and adding the value found for the improvements. This approach was inconsistent with the highest and best use found by the court and, therefore, the award cannot stand. We cannot modify the award on the " main unit " by eliminating the value of the improvements, since the highest and best use found by the court is not inconsistent with an award for improvements. (Cf. *Van Kleeck* v. *State of New York*, 18 N Y 2d 897; *Spano* v. *State of New York*, 22 A D 2d 757.) (Appeals from judgment of Court of Claims in claim for damages for permanent appropriation and temporary easements.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ.